IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT W. JOHNSON,<br><br>        Plaintiff,<br><br>vs.<br><br>ONONDAGA COUNTY SHERIFFS DEPARTMENT, COUNTY OF ONONDAGA, NEW YORK STATE INSURANCE FUND, AWPRX, FORCERX, and SYRACUSE POLICE DEPARTMENT,<br><br>        Defendants. | **8:25CV246**<br><br>**MEMORANDUM AND ORDER** |

    This matter is before the Court on what the Court has docketed as Plaintiff Robert W. Johnson's ("Johnson") Motion to Proceed in Forma Pauperis ("IFP"), Filing No. 2, and his pro se civil complaint (the "Complaint"), Filing No. 1. For the reasons stated below, Johnson's IFP Motion is denied and this matter is dismissed without prejudice.

    On April 2, 2025, Johnson, a non-prisoner pro se litigant, filed a Form Pro Se 11 Third-Party Complaint naming the Onondaga County Sheriff's Department ("OCSD") as the plaintiff, the County of Onondaga as the defendant and third-party plaintiff, and New York State Insurance Fund, AWPRx, FORCERX, and the Syracuse Police Department as the third-party defendants. Filing No. 1 at 1–3. Johnson purportedly signed the Complaint on behalf of the OCSD.[1] Filing No. 1 at 4. In the section of the Complaint asking for a description of the initial complaint and answer, Johnson alleged:

---

[1] The Court determined that Johnson filed and signed the Complaint based on allegations within the Complaint and the handwriting similarities between this Complaint and a previous case filed by Johnson. *Compare* Filing No. 1 at 6 *with* Filing No. 1, Case No. 8:23CV386.

"On 01/02/2025 Robert W Johnson was wrongfully arrested, assaulted, sexually assaulted, denied medical treatment and denied Due Process Rights by Syracuse Police Department, Syracuse City Court, Onondaga County Sheriff's Department, and County of Onondaga. . . . Syracuse Police Department, Syracuse City Court, Onondaga County Sheriff's Department, and County of Onondaga have accepted full responsibility for actions taken by staff members." Filing No. 1 at 3 (punctuation corrected). In the section related to the third-party complaint asking for an explanation why "you will be entitled to judgment against the third-party defendant for contribution to or indemnification for the amount of damages and costs awarded to the plaintiff," Johnson alleges only that "[a]ll defendants are insured under liability policies by third-party defendants." Filing No. 1 at 4.

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Johnson's Complaint does not comply with Federal Rule of Civil Procedure 8, which requires that every complaint contain "a short and plain

2

statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

Here, Johnson appears to allege his due process rights were violated, but he does not assert any claims for relief on his own behalf. Rather, Johnson purports to bring the Complaint on behalf of the OCSD as a supposed third-party plaintiff. However, nothing in the Court's records or its own research shows that Johnson is an attorney licensed to practice law in this Court. *See* NEGenR 1.7(c) ("An attorney admitted and licensed to practice before the highest court of any state may apply for admission to practice in this court."). It is improper for a non-lawyer to sign papers in place of, or to otherwise represent, parties other than themselves. *See United States v. Brenton*, No. 8:04CR262, 2007 WL 3124539, at *1 (D. Neb. Oct. 23, 2007) (citing 5A C. Wright & A. Miller, Federal Practice and Procedure § 1333, at 513 & n.15 (2004)). Parties only may proceed in federal court pro se when acting solely for themselves or through counsel. 28 U.S.C. § 1654; *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) (non-lawyer has no right to represent another entity in federal court).

Moreover, venue is clearly improper in this Court. Venue is generally governed by 28 U.S.C. § 1391, which "govern[s] the venue of all civil actions brought in district courts of the United States" and provides, in pertinent part, that:

> (b) Venue in general.—A civil action may be brought in—
>
>> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Here, Johnson lives in New York, Johnson listed New York addresses for all other parties except for two which lack specific addresses, and the relevant events took place in Syracuse, Onondaga County, New York. Nothing in the Complaint suggests that any party resides in the District of Nebraska nor that a substantial part of the events giving rise to the causes of action occurred in this district. Therefore, venue is not proper in this district and the Court will dismiss this case without prejudice as Johnson's attempt to file a third-party complaint on behalf of the OCSD is clearly frivolous. *See* 28 U.S.C. § 1406(a) (if a plaintiff files a case in the wrong venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought").

Because the Court concludes the Complaint is frivolous, the Court will also deny Johnson's IFP Motion.

IT IS THEREFORE ORDER that:

1. Johnson's Complaint, Filing No. 1, is dismissed without prejudice for lack of venue and because it is frivolous.

2. Johnson's Motion for Leave to Proceed in Forma Pauperis, Filing No. 2, is denied.

3. The Court will enter judgment by a separate document.

Dated this 30th day of April, 2025.

BY THE COURT:

_____
John M. Gerrard
Senior United States District Judge